*December, 1823.*          Perdue *against* Burnett.

1, The words, "You have altered the marks of four of my hogs," are in themselves actionable. 2, The declaration averring that the words were spoken with intent to subject the plaintiff to the penalties of the law against altering or defacing the mark or brand of any cattle, hogs, &c. it is after verdict to be presumed, that the slanderous words charged that the plaintiff altered the marks without the owner's consent. 3, Not necessary that the Record should shew that the Jury was sworn. 4, No error if judgment in slander be entered *as in debt*.

IN the Circuit Court of *Monroe*, *Lewis Burnett* brought an action of slander against *James H. Perdue*. The declaration averred, that the defendant, with intent to injure the plaintiff, " and also to subject him to the pains and penalties " of the laws of this State made and provided against al- " tering and defacing the mark or brand of any cattle, hogs,

" or sheep, &c. more particularly to subject him to the " pains and penalties of an Act of the Legislature (now the " law of this State,) to prevent the altering or defacing " of the mark or brand of any horse, mare, colt, mule, ass, " neat cattle, hog, sheep, or goat, not being the property of " the person so altering or defacing the same."

On, &c. at, &c. (stating a general colloquium) to and concerning plaintiff, loudly published of him the words " You have altered the marks of four of my hogs."

The second count stated the words as spoken in the third person. It was not stated in the inuendo in either count, that defendant charged or meant that plaintiff altered the marks without or against the consent of the owner.—Plea, not guilty and issue.—The transcript from the Circuit Court next after the plea proceeds, " Circuit Court, *September* term, 1821. The " Jury, No. 2." (Here follow the names) " The Jury, No. 2. returned—We find the defendant guilty, " and assess the damages to eight hundred dollars and costs " of suit. *M. J. Kennan*, foreman." Judgment was thereupon entered as in an action of Debt.

*Perdue* prosecuted a writ of Error to this Court. The matters assigned as Errors appear in the

Opinion of the Court as delivered by Judge *Crenshaw.*

The first and principal assignment of Errors is, that the words charged in the declaration are not in themselves actionable, and that no special damage is laid.

The words charged are, " You, (meaning the said *Lewis Burnett*) have altered the marks of four of my hogs :" not alleging that it was done without or against the owner's consent. By the twenty-third section of the Act of February, 1807, (Laws Alaba. p. 209,) any person convicted of altering or defacing the mark or brand of any animal therein mentioned, among which hogs are enumerated, shall pay the value thereof to the owner, and a fine of twenty dollars to any person suing for the same ; and shall receive twenty-five lashes for the first offence : and by the third section of the Act of 1811, (Laws of Ala. p. 224,) this offence is punishable on conviction by indictment, by forfeiting and paying the value of the animal, and also a fine of twenty dollars to the owner. It is a safe rule to give to penal laws a strict construction. I have no doubt but that the Legislature intended by the last Act to substitute a milder punishment than had been provided by the first, but that they did not intend to change the nature of the crime.

In the case of *Coburn* against *Harwood*, (ante, p. 93,) this Court decided that words are in themselves actionable,

which, if true, would subject the plaintiff to an indictment for a crime involving moral turpitude, or subject him to infamous punishment; and that slanderous words are to be construed in the natural and obvious sense in which the world understand them. The principles of that decision were maturely considered, and I see no sufficient reason to depart from them.

Is, then, to alter the mark of a hog without or against the owner's consent, an indictable offence involving moral turpitude, or one which would subject the offender to infamous punishment? The Statute uses the expression " on conviction by indictment." It cannot therefore be denied that the offence is indictable. The punishment is not infamous, this idea being usually and perhaps exclusively attached to corporal punishment.

Does the offence then involve moral turpitude? in other words, is it an infamous offence? Capital offences of all grades are infamous, by reason of their atrocity. So are all grades of the *crimen falsi ;* because fraud is an essential ingredient. For the same reason, *Larceny* is infamous, independent of its punishment.

To alter the mark of another's hogs without or against the owner's consent, is so near akin to larceny, that the ablest lawyer in criminal jurisprudence might find some difficulty in drawing the line of distinction. The *animo furandi* is the moving principle of action in both cases. If this reasoning be correct, the irresistible conclusion is, that this offence is indictable and involves moral turpitude : and that words importing a charge of this sort are in themselves actionable.

It is further assigned as Error—that the declaration does not allege that the marks were altered without or against the owner's consent. The declaration states in effect that the defendant uttered the words falsely and maliciously, and with a view of subjecting the plaintiff to the pains and penalties of the law provided against this offence, and describes the law with so much certainty and precision that it cannot be mistaken. The recital of the law makes it a part of the declaration, and it is virtually alleged that the marks were altered without the owner's consent. The *defendant,* with the intent of charging the plaintiff with this particular crime, says to him, " You altered the marks of four of my hogs." The natural and obvious sense in which the world would understand these words when maliciously spoken, is, that they amounted to a charge of altering the marks without or against the owner's consent. The words, when falsely and maliciously spoken, necessarily imply, and to a common un-

derstanding, as clearly convey the charge of guilt, as if the words " without or against the owner's consent " had been added. The omission of this allegation is therefore immaterial : at any rate, it is cured by the verdict.

It then follows, that the words set forth in the declaration, taken in the natural and obvious sense in which the world would understand them, charge an offence subject to an indictment, and involving moral turpitude, and are in themselves actionable.

As to the third assignment of Error. This Court will presume that the Jury were duly impannelled and sworn ; as was settled in the case of *Goyne* against *Howell,* (ante, p. 62.)

It is further assigned as Error—that the judgment is in Debt when it should be for damages. If the verdict and judgment are right as to the sum recovered, it is immaterial whether it be called Debt or Damages. They refer to the declaration, by which it is rendered so certain, that it may be plead in bar to a second action for the same cause.

Let the judgment be affirmed.

*Owen, Gayle,* and *Bagby,* for plaintiff.

*Dillett,* for defendant in Error.